## THE STATE OF IOWA V. FOSTER.

1. INDICTMENT: EMBEZZLEMENT. An indictment under the third clause of section 2619 of the Code of 1851, should aver that the accused embezzled and fraudulently converted the money or property therein described to his own use, *"without the consent of his employer or master."*

*Appeal from Mills District Court.*

FRIDAY, DECEMBER, 14.

*Hall, Harrington & Hall* and *C. C. Cole* for the appellant.

1. The statute (Code § 2619) makes certain acts of embezzlement, &c., *larceny,* and it is *essential* to constitute larceny that the act should be done and charged to have been done *feloniously,* Whart. Am. Cr. Law 198; Bouv. Law Dic. "Feloniously," 561; Archibald Cr. Pr. & Pl. 47.

2. The indictment does not charge that the property was converted by the defendant to his own use *"without the consent of his employer,"* and no offence under the statute is charged, without such an averment; Code § 2619; Whart. Am. Cr. Law 185 to 191.

*J. A. Kasson* for the State.

LOWE, C. J.—Under section 2619 of the Code, the defendant was convicted upon a charge of embezzlement, and one of the errors complained of we think is well assigned. It relates to the overruling of the motion in arrest of judgment, for the reason that the facts stated in the indictment do not constitute a public offence.

That part of the above section under which the indictment was framed reads as follows: "Or of [meaning if] any person over the age of sixteen years embezzle and fraudulently convert to his own use, or take and secrete with intent to convert to his own use, without the consent of his employer or master, any money or property of another which has come to his possession, or under his care by virtue of such employment, he is guilty, &c."

Whilst the indictment charges that the defendant, being over eighteen years of age, did embezzle and fraudulently convert to his own use, the property of Lafayette and Columbus Nucholls, of the description and value therein stated; it fails to aver that he did so, *without the consent of his employer etc.*" This last averment forms one of the statutory elements of this crime as we interpret its language, and without which the offence is not consummated. We reach this conclusion as well from the necessary connection in which it stands to other parts of the offense described in this section as the analogy it bears to other statutes where the knowledge of the offending and the want of knowledge of the injured party enter into the definition of the crime.

The facts set out in the indictment in this case, show that the property alleged to have been embezzled was intrusted to the care and keeping of the defendant under a contract of bailment, and that he occupied the relation of a bailee to the owners thereof. Whether under the circumstances he would fall within the class of employees and servants intended to be described in this section of the Code, admits of much doubt in the mind of the writer of this opinion, but as this court would probably be divided upon this question, we refrain (it being unnecessary) to express any opinion now upon this subject.

The judgment below is reversed and the case is remanded.

Reversed.